Mr. Justice Johnson
delivered the opinion of the court:
In opposition to this motion, it has been insisted, on the part of the plaintiffs, that an appearance by an attorney of the court, whether authorized by the defendant or not, is sufficient to authorize the judgment of the court; leaving the party injured to his remedy against the attorney ; and that one partner may authorize an appearance .for all. To support these positions, 1 Binney, 214. — 2 Binney, 145, and 8 Johnson, 296, have been relied on; and on looking into these authorities, they are found to go all the length contended for by the plaintiffs. On general doctrines of law, I would weigh well an opinion opposed to these respectable authorities before its adoption, but in questions of practice, we must look well'to our own, and ought not to depart from it, except for important considerations affecting the rights of the parties ; for in despite of all theory, every-indepen dent tribunal must have a lex fori adapted to their own peculiar situation.— With regard to the first of these objections, the usage has been directly opposed to it. The court has never refused to set aside the proceedings before the cause was tried, where the appearance was unauthorized by the defendant; and when, as in this state, it is not necessary to file a warrant of attorney, or to do any other act to entitle an attorney to enter an appearance. The court ought to be circumspect in guarding against the abuse of this privilege, and the profession themselves are interested to prevent consequences alike injurious to themselves, and their clients, which would arise out of' the practice contended for by the plaintiffs.
On the second objection, I think there is less difficulty. *312 The act of 1793, (2 Brevard, 170. 1 Faust, 213,) provides, that in all actions for copartnership debts, where one or more of them, the copartners, are-out of the state, oí- are dormant, it shall be sufficient to serve process on such &s may reside or be found within the state, or upon such of the firm as are known and suits so commenced, arc declared to be valid and legal. It is not pretended that the question under consideration is expressly concluded by this, act, but the analogy-is so striking, and the principle involved so analogous, that they may be regarded as the same. The act recognizes the necessitjr of giving notice to all the firm, and provides only for cases where the process of the court is insufficient for that purpure. Now, if nonce to one only was sufficient, it is ad eff ctudly done by serving as accepting the process, and the act was useless ; and I deduced from it the conclusion, that the practice before the act was to give notice to all within the reach of the process. It appears to me however, that both of these questions have been settled by the" court in the case of Keckly vs. Kern & Perry, decided in Charleston, May Term, 1833, and although they are not propounded in precisely the same terms as those in which this case is presented, the opinion of the court is predicated on the view, that one copartner cannot authorize an appearance for the other, and in that case, as in this, an appearance had been entered by an attorney for all the defendants. The responsibility of a firm is in effect a joint contract, and it will not be denied that all parties to ajoint coutract must be sued. In joint and several contracts, those only are concluded by the judgment who are made parties by process. In any view of the case, I think therefore that the motion to set aside the proceedings ought to prevail, except as to the defendant, Charles Ocliara, who authorized the appearance, and this is the opinion of the court.
Justices Colcock and Bichardson, concurred.